C \lr

THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. CV-06-2467 (LDW) |
| | ) | |
| v. | ) | |
| | ) | CONSENT DECREE FOR |
| Z. COSMETICA USA, LLC, | ) | PERMANENT INJUNCTION |
| a company, and PHILIP J. ZELLNER, | ) | |
| ARON I. PODELL, and ROBERTA PODELL | ) | |
| individuals, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, the United States of America, commenced this action by filing its Complaint for Permanent Injunction on the 19th day of May 2006, against Z. Cosmetica USA, LLC ("Z. Cosmetica" or "the firm"), a company, and Philip J. Zellner, President, Aron I. Podell, former Vice President of Operations, and Roberta Podell, former Head of Quality Assurance/Quality Control, individuals.

Defendants, Aron I. Podell and Roberta Podell, without admitting or denying the allegations of the Complaint, have appeared and consented to the entry of this Decree without contest and before any testimony was taken, and the United States of America, has consented to this Decree, as it pertains to defendants, Aron I. Podell and Roberta Podell.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as follows:

1.    This Court has jurisdiction over the subject matter of this action and has personal jurisdiction over Aron I. Podell and Roberta Podell.

2.    The Complaint for Permanent Injunction states a cause of action against Aron I. Podell and Roberta Podell under the Federal, Food, Drug, and Cosmetic Act, 21 U.S.C. §§ 301-97 ("the Act").

3.    The government has alleged that Aron I. Podell and Roberta Podell violate the Act, 21 U.S.C. § 331(a), by introducing or delivering, or causing to be introduced or delivered, into interstate commerce drugs, within the meaning of 21 U.S.C. § 321(g)(1), that are adulterated within the meaning of 21 U.S.C. § 351(a)(2)(B).

4.    The government has alleged that Aron I. Podell and Roberta Podell violate the Act, 21 U.S.C. § 331(k), by causing drugs, within the meaning of 21 U.S.C. § 321(g)(1), that they hold for sale after shipment of one or more of their components in interstate commerce to become adulterated within the meaning of 21 U.S.C. § 351(a)(2)(B).

5.    The government has alleged that Aron I. Podell and Roberta Podell violate the Act, 21 U.S.C. § 331(a), by introducing or delivering, or causing to be introduced or delivered, into interstate commerce drugs, within the meaning of

2

21 U.S.C. § 321(g)(1), that are misbranded within the meaning of
21 U.S.C. §§ 352(c), (f)(1), (f)(2), i(3), and (o).

6.    The government has alleged that Aron I. Podell and
Roberta Podell violate the Act, 21 U.S.C. § 331(k), by causing
drugs, within the meaning of 21 U.S.C. § 321(g)(1), that they
hold for sale after shipment of one or more of their components
in interstate commerce to become misbranded within the meaning of
21 U.S.C. §§ 352(c), (f)(1), (f)(2), i(3), and (o).

7.    The government has alleged that Aron I. Podell and
Roberta Podell violate the Act, 21 U.S.C. § 331(d) by introducing
or delivering, or causing to be introduced or delivered, into
interstate commerce new drugs, within the meaning of 21 U.S.C.
§ 321(p), that are neither approved pursuant to 21 U.S.C.
§ 355(a), nor exempt from approval pursuant to 21 U.S.C.
§ 355(i).

8.    Aron I. Podell and Roberta Podell represent to the
government and the Court that, as of January 13, 2006 and
February 10, 2006, Aron I. Podell and Roberta Podell,
respectively, are no longer employed by Z. Cosmetica and are no
longer engaged in manufacturing, preparing, processing, packing,
repacking, labeling, holding, distributing, and/or causing the
introduction into interstate commerce of any articles of drug,
within the meaning of 21 U.S.C. § 321(g)(1), either at or from Z.

3

Cosmetica's facility at 1650 New Highway Farmingdale, New York 11735 or any other facility owned or operated by Z. Cosmetica.

9.    Upon entry of this Decree, Aron I. Podell and Roberta Podell are permanently restrained and enjoined, pursuant to 21 U.S.C. § 332(a) from directly or indirectly doing or causing to be done any of the following acts:

A.    Violating 21 U.S.C. § 331(a), by introducing or delivering, or causing to be introduced or delivered into interstate commerce drugs, within the meaning of 21 U.S.C. § 321(g)(1), that are adulterated within the meaning of 21 U.S.C. § 351(a)(2)(B);

B.    Violating 21 U.S.C. § 331(k), by causing drugs, within the meaning of 21 U.S.C. § 321(g)(1), that are held for sale after shipment of one or more of their components in interstate commerce to become adulterated within the meaning of 21 U.S.C. § 351(a)(2)(B);

C.    Violating 21 U.S.C. § 331(a), by introducing or delivering, or causing to be introduced or delivered into interstate commerce drugs, within the meaning of 21 U.S.C. § 321(g)(1), that are misbranded within the meaning of 21 U.S.C. § 352;

D.    Violating 21 U.S.C. § 331(k), by causing drugs, within the meaning of 21 U.S.C. § 321(g)(1), that are held for sale after shipment of one or more of their components in

4

interstate commerce to become misbranded within the meaning of 21 U.S.C. § 352;

E.    Violating 21 U.S.C. § 331(d) by introducing or delivering, or causing to be introduced or delivered, into interstate commerce new drugs, within the meaning of 21 U.S.C. § 321(p), that are neither approved pursuant to 21 U.S.C. § 355(a), nor exempt from approval pursuant to pursuant to 21 U.S.C. § 355(i).

10.    Within thirty (30) calendar days after entry of this Decree, and every twelve (12) months thereafter, defendants, Aron I. Podell and Roberta Podell shall submit to FDA in writing the name, address, and, where applicable, the FDA registration number of each firm, individual, entity, facility, or location at or from which they are employed or otherwise engaged in causing drugs to be manufactured, prepared, processed, packed, repacked, labeled, held, distributed, and/or introduced into interstate commerce, as well as the dates on which defendants were or are employed or engaged in the foregoing activities.

11.    If, at any time after this Decree has been entered, FDA determines, based on the results of an inspection, or any other information, that corrective actions are necessary for Aron I. Podell and Roberta Podell to achieve compliance with the Act or this Decree, FDA may, as and when it deems necessary, order Aron I. Podell and/or Roberta Podell in writing to take appropriate

5

action, including, but not limited to, one or more of the
following:

     A.    Cease any and all participation in the
manufacturing, preparing, processing, packing, repacking,
labeling, holding, distributing, and/or causing the introduction
into interstate commerce of any or all drug(s); or

     B.    Take any other corrective action(s) as FDA, in its
discretion, deems necessary to bring the activities of Aron I.
Podell and/or Roberta Podell into compliance with the Act or this
Decree.

    12. Any cessation described in paragraph 11(A) shall
continue until FDA notifies Aron I. Podell and/or Roberta Podell
in writing that they appear to be in compliance with the Act and
the requirements of this Decree, and that they may, therefore,
resume their participation in manufacturing, preparing,
processing, packing, repacking, labeling, holding, distributing
drugs, and/or causing drugs to be introduced into interstate
commerce.

    13. Within ten (10) calendar days after the entry of this
Decree, Aron I. Podell and Roberta Podell shall provide a copy of
this Decree, by personal service or registered mail, to each and
all of their employers who are engaged in causing drugs to be
manufactured, prepared, processed, packed, repacked, labeled,
held, distributed, and/or introduced into interstate commerce.

6

Within thirty (30) calendar days of the date of entry of this Decree, Aron I. Podell and Roberta Podell shall provide to FDA an affidavit of compliance stating the fact and manner of compliance with the provisions of this paragraph and identifying the names and positions of all persons who have received a copy of this Decree.

14.  All notifications, certifications, reports, correspondence, and other communications to FDA required by this Decree shall be addressed to the District Director, New York District Office, United States Food and Drug Administration, 158-15 Liberty Avenue, Jamaica, New York 11433.

15.  Should the United States bring, and prevail in, a contempt action against Aron I. Podell and/or Roberta Podell to enforce the terms of this Decree, Aron I. Podell and/or Roberta Podell agree to pay attorney fees, travel expenses incurred by attorneys and witnesses, court costs, expert witness fees, and investigational and analytical expenses incurred in bringing such action.

16.  Aron I. Podell and Roberta Podell shall abide by all decisions of FDA, which decisions shall be final.  FDA decisions under this Decree shall be reviewed by the Court, if necessary, under the arbitrary and capricious standard, set forth in 5 U.S.C. § 706(2)(A).  Review by the Court of any FDA decision rendered pursuant to this Decree shall be conducted without any

7

discovery by either party and shall be based exclusively on the written record before FDA at the time the decision was made.

17.  This Court retains jurisdiction of this action for the purpose of enforcing or modifying this Decree and for the purpose of granting such additional relief as may be necessary or appropriate.

IT IS SO ORDERED:

Dated this _14TH_ day of _AUGUST_ , 2006.

_____
UNITED STATES DISTRICT JUDGE

8

Entry consented to:

FOR DEFENDANTS

Aron I. Podell
Former Vice President of
Operations, Z. Cosmetica, LLC

Roberta Podell
Former Head of Quality Assurance/
Quality Control, Z. Cosmetica, LLC

Attorney for Aron I. Podell
and Roberta Podell
Michael S. Labson
Covington & Burling
1201 Pennsylvania Ave., N.W.
Washington, DC  20004
(202) 662-6000

FOR PLAINTIFFS

ROSLYNN R. MAUSKOFF
United States Attorney
Eastern District of New York

Thomas McFarland
Assistant U.S. Attorney
610 Federal Plaza, 5th Floor
Central Islip, NY 11722
(631) 715-7863

GERALD C. KELL
Senior Trial Counsel
Office of Consumer Litigation
U.S. Department of Justice
Civil Division
P.O. Box 386
Washington, DC   20044
(202) 514-1586

OF COUNSEL:

PAULA M. STANNARD
Acting General Counsel

SHELDON T. BRADSHAW
Chief Counsel
Food and Drug Division

ERIC M. BLUMBERG
Deputy Chief Counsel,
Litigation

VERNESSA T. POLLARD
Associate Chief Counsel,
Enforcement
United States Department of
Health and Human Services
Office of the General Counsel
5600 Fishers Lane, GCF-1
Rockville, MD 20857